DocuSign Envelope ID: FC733C47-5A53-4835-ADC4-B99608492EAA

James R. Hawkins, Cal Bar No. 192925
Gregory Mauro, Cal Bar No. 222239
JAMES R. HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: 949.387.7200
Facsimile: 949.387.6676
Email: james@jameshawkinsaplc.com
      greg@jameshawkinsaplc.com

Attorneys for Plaintiffs ANTONIO NAVARRATE individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO NAVARRETE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SPRINT/UNITED MANAGEMENT COMPANY, a Kansas Corporation; SPRINT CORPORATION, a Kansas Corporation; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 8:19-cv-00794-JLS-ADS<br>Hon. Josephine L. Staton<br><br>**AMENDED DECLARATION OF ANTONIO NAVARRETE IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Date: November 12, 2021<br>Time: 10:30 a.m.<br>Courtroom: 10A<br><br>Complaint Filed: January 29, 2019<br>FAC: January 28, 2020 Complaint |

**DECLARATION OF ANTONIO NAVARRETE**

## DECLARATION OF ANTONIO NAVARRETE

I, Antonio Navarrete, declare as follows:

1. I am over the age of eighteen. I submit this Declaration in support of the concurrently filed Motion for Final Approval of the parties' settlement agreement. The following is based upon my personal knowledge, and if called as a witness, I could and would competently testify regarding the statements in this Declaration.

2. I am currently a resident of Huntington Park, California. I worked for Defendant from approximately June 2016 through August 2018 holding various positions such as retail consultant/representative, lead consultant/representative, also known as supervisor, and assistant store manager. I worked at four (4) different locations during this time which included Downey, Huntington Park, Santa Fe Springs and Bell Gardens. During the Settlement Class Period, my job duties and responsibilities were the same as other non-exempt employees working in retail stores for Defendant in California. During this time I also worked varying rotating shifts depending on the needs of the stores. This included working opening, closing and mid-day shifts. During this time, I believe my job duties and responsibilities were the same as other non-exempt employees working in retail stores for Defendant in California.

3. Prior to filing this lawsuit, I made several complaints to Defendant's management about the claims asserted in the Complaint. Although I made these complaints to management, nothing was done about my complaints.

4. Thereafter, I searched for an attorney and found James Hawkins, APLC. I never knew James Hawkins, APLC before my consultation with them. After my consultation, I asked them to represent me in bringing a class action, collective action on behalf of myself and all other similarly situated non-exempt employees of Defendant.

- 1 -
[AMENDED] DECLARATION OF ANTONIO NAVARRETE

5. I knew the actions complained of in the complaint not only happened to me but happened to the other employees of Defendant that I worked with at the various stores. I believe this because while working these various shifts I was typically working side by side with several employees at a time. During this same time I estimate I worked with at least twenty five (25) different non-exempt employees over the course of 2 years and was able to observe and interact with the other various employees. I wanted to help the other non-exempt workers vindicate their rights so I decided to bring the lawsuit that we filed on or about January 29, 2019.

6. I also understand we have also filed a First Amended Complaint consolidating the pending case in state court representative PAGA action.

7. The complaint which I brought against Defendant alleges claims on a class and representative basis for the failure to pay wages including overtime under California labor laws, failure to provide lawful meal and rest periods, failure to timely pay wages, failure to provide accurate itemized wage statements, unreimbursed expenses, unfair business practices, and violations of the Private Attorneys' General Act. I believe my claims are typical of the other Class Members and I can represent our common claims because I believe Defendant applied the same policies, practices and schedules for us all and treated me and all Class Members similarly throughout the class period and California.

8. For instance, at each of the retail locations I worked at, I would have to open the stores and close the stores on occasions. The time it would take to open or close the stores was not always accounted for. For instance, many times on closing shifts it would take some time after the point of sale register ("retail management system") was turned off to perform the following: turn the lights off, lock the doors, close the security gates and set the alarms. I typically would be required to wait, or have employees wait for me so that all employees could leave at the same time during closing due to security measures. This time was typically not accounted for

as the retail management system time clock on the register was already turned off. At times when I was interrupted during my lunch, it was to tend to customers. This time would sometimes be off the clock for which I was not compensated.

9. As a result of these practices, I believe 30 minutes a week is a reasonable estimate of time myself and other employees I worked with and observed working off the clock without compensation are owed. While this time may have varied from week to week, I believe based on my experience 30 minutes is a reasonable estimate. This is based on my 2 years working for Defendant at 4 different store locations with at least 25 other different employees during this time.

10. I believe that my interests have been and continue to be in alignment with the Class Members, and I am willing to continue to pursue and prosecute their class, collective and representative claims against Defendant in this litigation. I believe I do not have any interests which are against the interests of the Class Members, and I will continue to do what is best for all the Class Members rather than myself, as I have done from the beginning of this case.

11. As a Class Representative, I estimate I have spent at least 40 hours working on this case. As the Class Representative in this case, I participated in every aspect of the litigation and have been apprised of its progress. I believe I have maintained the best interests of the Class Members while performing my Class Representative duties, and I participated in many interviews and conferences with class counsel regarding the conduct and settlement of this matter. My counsel has informed me that the details and support I provided for my class claims, were very important in convincing Defendant to negotiate the settlement now before the Court for approval. I have also provided many documents to class counsel in support of the class claims, have helped my attorneys with preparing written questions and what documents to ask for, and I have invested a lot of time and effort in performing my duties on behalf of the Class. I also conducted numerous meetings

with my counsel to prepare for and discuss Defendant's information requests in advance of the mediation.

12. I have not received and understand I will not receive any consideration or promises that are different from any of the other Class Members will receive under the Settlement. I understand this is because all Settlement Class Members who do not ask to be excluded will receive individual settlement payments under the formulas in the settlement agreement, which I understand to be fair. I also understand that the Class Members are limited to all non-exempt employees who worked at Defendant's retail stores in California from approximately January 29, 2016 through April 8, 2020. I understand this includes approximately 5,900 employees accounting for approximately 365,000 weeks worked.

13. I also understand the settlement was well received as there were zero objections and only 2 exclusions. Thus, I believe the settlement continues to be fair and the settlement fairly accounts for the individual settlement payments based on the strengths and weaknesses of the various alleged claims and also considering the individual compensation and pay rates for the various class members over the settlement period.

14. I also understand my counsel will request that I be awarded an enhancement payment of $5,000 for my efforts as Class Representative, and that this additional payment is not guaranteed, but must be approved by the Court. I believe the requested enhancement payment is fair and reasonable based upon the results we have achieved for the Class Members.

15. I also believe the requested Class Representative incentive award is fair and reasonable because my decision to accept the risk of being a Class Representative in a class action under the Labor Code may affect my future ability to get other jobs in this retail industry. I also understood and accepted the risk of potentially being liable for the opposing parties' costs and attorneys' fees if I was unsuccessful in this lawsuit. I voluntarily assumed these real and large risks and

- 4 -
[AMENDED] DECLARATION OF ANTONIO NAVARRETE

the case would not have been brought without me. I believe the Class Members will receive a good benefit by resolving their claims against Defendant under the terms of the settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13th day of August, 2021 at Huntington Park, California.

DocuSigned by:

/s/ A. N.

981CD88A33A7409...

Antonio Navarrete

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2021 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Central District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: September 13, 2021            */s/ Gregory Mauro*
                                                           Gregory Mauro